UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DVONTAI AKEEM JAMAR KINNEY,

        Petitioner,

v.                                                          Case No: 6:18-cv-1133-Orl-31TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

        Respondents.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Dvontai Akeem Jamar Kinney's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 11) in compliance with this Court's instruction. Petitioner filed a Reply to the Response ("Reply," Doc. 14).

Petitioner asserts one ground for relief. For the following reasons, the Petition is denied.

### I.    Procedural History

The State Attorney of the Ninth Judicial Circuit for the State of Florida charged Petitioner by information with three counts of robbery with a firearm (Counts One, Six, and Seven), three counts of aggravated assault with a firearm (Counts Two, Four, and Eight), two counts of grand theft (Counts Three and Ten), armed burglary of a conveyance (Count Five), aggravated battery with a firearm or causing great bodily harm

(Count Nine), resisting an officer without violence (Count Eleven), offense against a police or fire dog or police horse (Count Twelve), and possession of a firearm by a convicted felon (Count Thirteen). (Doc. 12-2 at 41-53.) A jury convicted Petitioner of Counts One through Four, Six through Ten, and Twelve and acquitted him of Count Five, and the trial court granted a judgment of acquittal as to Counts Eleven and Thirteen. (*Id*. at 144-54, 180-81.) The state court sentenced Petitioner to concurrent forty-year terms of imprisonment for Counts One, Six, and Seven, to concurrent five-year terms of imprisonment for Counts Two, Three, Four, Eight, and Ten, to a fifteen-year term of imprisonment for Count Nine, and to a fifty-one-week term of imprisonment for Count Twelve. (*Id*. at 181-84, 188-91.) Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (*Id*. at 256.)

Petitioner filed a petition for writ of habeas corpus, which the state court treated as a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (*Id*. at 260-67.) The state court denied relief. (*Id*. at 271-72.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id*. at 297.)

## II.  LEGAL STANDARD

Pursuant to the Antiterrorism Effective Death Penalty Act ("AEDPA"), federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable

2

> determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner must rebut the presumption of correctness by clear and convincing evidence. *See Parker*,

244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III. ANALYSIS

Petitioner asserts the trial court lacked jurisdiction because he did not waive his right to an indictment and he was not indicted by a grand jury as required by the Fifth Amendment to the United States Constitution. (*Id*. at 5, 15-27.) Petitioner raised this ground in his habeas petition. The state court found the claim to be procedurally barred because it should have been raised on direct appeal and otherwise without merit. (Doc. 12-2 at 271-72.) Respondents contend *inter alia* that Petitioner's ground is procedurally barred and without merit. (Doc. 11 at 8-17.)

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).

Procedural default will be excused in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). "[E]xternal impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008) (citing *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)). To establish "prejudice" to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case in which a "constitutional violation has probably resulted

in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

The state court found Petitioner's ground to be procedurally barred because it should have been raised on direct appeal. Consequently, this ground is procedurally barred from review absent application of one of the exceptions to the procedural default bar. Petitioner has not established either cause or prejudice or actual innocence to overcome the procedural default. Accordingly, this ground is procedurally barred from review by this Court.

Petitioner's ground is also without merit. The Fifth Amendment's Indictment Clause provides *inter alia* that "'[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.'" *Grim v. Sec'y, Fla. Dep't of Corr.*, 705 F.3d 1284, 1287 (11th Cir. 2013) (quoting U.S. Const. amend. V). However, the "'Fifth Amendment's grand jury indictment requirement' is not applicable to the States." *Id.* (quoting *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 872 n.13 (2010)). Accordingly, this ground is alternatively denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

7

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 2, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
Counsel of Record
OrlP-1 1/2